**FILED**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

OCT 1 1 2005

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

EDWIN C. MARTIN, JR.,
   a law corporation,

and

EDWIN C. MARTIN, JR.,
   an individual,

          Plaintiffs,

vs.

JAMES P. HOLLORAN,
   a professional corporation,

and

HOLLORAN STEWART & SCHWARTZ,
   a professional corporation,

   Successor in Interest to Law Offices of
   James P. Holloran, P.C.,

and

JAMES P. HOLLORAN,
   an individual,

          Defendants.

          Serve all Defendants at:

          Holloran Stewart & Schwartz, P.C.
          1010 Market Street, Suite 1650
          St. Louis, MO 63101

Cause No. **05CV01857AGF**

Division No.

**JURY TRIAL DEMANDED**

1

## COMPLAINT

COME NOW Plaintiffs Edwin C. Martin, Jr., a law corporation, and Edwin C. Martin,
Jr., an individual, by and through counsel, TOMA ZENSEN, LLC, and John E. Toma, Jr., and
Melissa M. Zensen, and for their cause of action against Defendants James P. Holloran, a
professional corporation, Holloran Stewart & Schwartz, a professional corporation, and James P.
Holloran, an individual, state as follows:

## NATURE OF THIS ACTION

1.   Plaintiffs bring this action for damages against Defendants for Breach of Written
Agreement, Breach of Oral Agreement, Contractual Accounting, Breach of Partnership
Agreement, Partnership Accounting, and Breach of Fiduciary Duty.

## JURISDICTION AND VENUE

2.   Plaintiffs are all citizens of and have their principal place of business in the State
of California, and Defendants are all citizens of and have their principal places of business in the
State of Missouri.

3.   The matter in controversy exceeds $75,000, exclusive of costs and interests, and
jurisdiction is based upon 28 U.S.C. Section 1332.

4.   The unlawful conduct of Defendants alleged herein was committed within the
Eastern District of Missouri and venue lies with this Court.

## PARTIES

5.   Edwin C. Martin, Jr., a law corporation, ("Law Office of Martin") has its principal
place of business at all times referenced herein in the State of California.

6.   Edwin C. Martin, Jr., an individual, at all times referenced herein was and is a
resident of the State of California and was and is a citizen of the United States.

2

7.     Holloran Stewart & Schwartz, a professional corporation, ("HS&S") has its principal place of business in the State of Missouri.

8.     The Law Offices of James P. Holloran, a professional corporation, has its principal place of business in the State of Missouri.

9.     James P. Holloran, an individual, at all times referenced herein was and is a resident of the State of Missouri and was and is a citizen of the United States.

## FACTS COMMON TO ALL COUNTS
### Written Agreement

10.    Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 9 of their Complaint incorporated by reference as if fully set forth herein.

11.    Upon information and belief, HS&S is successor in interest to the Law Offices of James P. Holloran.

12.    In 1987, Law Office of Martin entered into a written agreement ("Written Agreement") with Law Offices of Holloran for the purpose of facilitating the initiation, discovery, preparation and litigation pertaining to certain personal injury and death cases in the State of Missouri arising from asbestos-related diseases.

13.    Pursuant to the Written Agreement, Law Office of Martin was to serve as national counsel and Law Offices of Holloran was to serve as local counsel.

14.    Pursuant to the Written Agreement, Law Office of Martin was to perform the following services:

        a.     To initiate upon its sole discretion, organize and competently conduct in the State of Missouri the medical screening of individuals exposed to asbestos or asbestos-containing products. Such medical screening shall be conducted by competent

3

medical personnel according to accepted scientific standards and procedures;

b. Law Office of Martin shall promptly inform Law Offices of Holloran of any individual who was screened positive for an asbestos-related disease and who shall have executed a retainer agreement. There shall be a form letter, drafted and sent by Law Offices of Holloran, directed to all positive screening individuals/clients advising them that they have an asbestos-related disease and probably an asbestos-related legal claim or claims, and that Law Offices of Holloran, in association with Law Office of Martin, is handling the actual litigation aspects of the case. Law Offices of Holloran will interview all positively screened cases;

c. Law Office of Martin shall refer all asbestos clients residing in the State of Missouri who shall retain Plaintiffs' firm to Law Offices of Holloran during the terms of this Association Agreement. All asbestos clients obtained subsequent to the screenings referred to herein by the Law Offices of Holloran, which such subsequent clients are or were members of unions whose members have individually or collectively participated in such screenings, shall be deemed referred under the terms of this agreement.

15. Pursuant to the Written Agreement, Law Offices of Holloran was to perform the following services:

a. To make the final decision to accept, or reject, any individual referred as a client/plaintiff for an asbestos-related personal injury and/or death lawsuit is its sole discretion;

b. Law Offices of Holloran shall be lead counsel and shall maintain direct control of the progress of the lawsuit, and shall make all decisions, including, but not limited to, such decisions as whether to file the suit in State Court or Federal Court,

4

when and whether to ask for trial dates, and which medical experts and other expert or not-expert witnesses shall be retained in these cases, and whether and for how much to settle any lawsuit;

  c. Law Offices of Holloran shall maintain accurate books of account pertaining to all expenses and income relative to the cases which are subject to this Agreement. Said books of account shall be available, upon reasonable request, at all times to each party of this Agreement, or its designated representative. Law Offices of Holloran shall advance all expenses and costs of litigation;

  d. Law Offices of Holloran shall receive and disburse all settlement or judgment funds pursuant to this Agreement. Law Offices of Holloran shall, upon receipt of any such draft or check, send Law Offices of Martin a copy of such draft or check;

  e. Because of the anticipated volume of paperwork, Law Offices of Holloran shall not be required to carry Plaintiffs' name on the pleadings of all cases pertaining to the clients participating in this Asbestos Litigation Project but shall keep Law Office of Martin generally advised of significant pleading matters;

  f. Contemporaneous with the delivery to Law Offices of Holloran of clients' retainer agreements, medical authorizations and medical reports, Law Offices of Holloran shall pay to Law Offices of Martin the sum of $75.00 as and for administrative expense. Said sums shall be the sole financial responsibility of Law Offices of Holloran and shall not be charged to the client nor deducted from the client's recovery. Law Offices of Holloran shall also be responsible for the prompt payment to Workers Disease Detection of $40.00 of the medical examination expense for each screening participant. The total cost of each medical screening examination report is $125.00. Law Offices of Holloran

5

hereby agrees to perform those provisions of the Master Screening Description which specify the obligations of Law Offices of Holloran. Law Offices of Holloran shall deduct from the clients' share of first settlement or judgment monies received medical examination expense and any other litigation costs which have been advanced or are due;

g.   All checks or drafts received in payment of any settlement or judgment pertaining to any case which is subject to this Agreement shall be deposited into an attorneys' trust account which may be either the attorneys' regular trust account or one designated solely for asbestos matters. All attorneys' fees shall be promptly and contemporaneously disbursed to each attorney or firm having an interest therein except as expressly provided in paragraph C (3) herein.

16.   Pursuant to the Written Agreement, Law Offices of Holloran was to receive as and for reasonable attorneys' fees a sum equal to one-third (1/3) contingency fee from all gross recoveries. From any and all recovered one-third (1/3) fee, Law Office of Martin was to share each fee as follows:

a.   The Law Offices of Holloran was to receive a sum equal to two-thirds (2/3) of any recovered one-third fee; and

b.   The Law Office of Martin was to receive a sum equal to one-third (1/3) of any recovered two-third fee.

17.   Law Office of Martin has performed its obligations and duties pursuant to the terms of the Written Agreement.

18.   Based on information and belief, on behalf of individuals who participated in the medical screenings initiated by Law Office of Martin and subject to the Written Agreement, Law Offices of Holloran filed and disposed of, through trial and/or settlement, an unknown number of

6

asbestos lawsuits from 1987 through present and recovered an unknown sum as and for attorneys' fees from the disposition of those lawsuits.

## Oral Agreement

19.    Alternatively, in 1987, Law Office of Martin entered into an oral agreement ("Oral Agreement") with Law Offices of Holloran, the terms of which were substantially the same as those of the Written Agreement set forth in herein above in paragraphs 12 through 16.

20.    Based on information and belief, on behalf of individuals who participated in the medical screenings initiated by Law Office of Martin and subject to the Oral Agreement, Law Offices of Holloran filed and disposed of, through trial and/or settlement, an unknown number of asbestos lawsuits from 1987 through present and recovered an unknown sum as and for attorneys' fees from the disposition of those lawsuits.

## Partnership Agreement

21.    Alternatively, in 1987, Edwin C. Martin, Jr., orally entered into a partnership agreement ("Partnership Agreement") with James P. Holloran, the terms of which were substantially the same those of the Written Agreement set forth in herein above in paragraphs 12 through 16.

22.    Edwin C. Martin, Jr., performed his obligations and duties pursuant to the terms of the Partnership Agreement.

23.    Based on information and belief, on behalf of individuals who participated in the medical screenings initiated by Edwin C. Martin, Jr., and subject to the Partnership Agreement, James P. Holloran filed and disposed of, through trial and/or settlement, an unknown number of asbestos lawsuits from 1987 through present and recovered an unknown sum as and for attorneys' fees from the disposition of those lawsuits.

7

## CLAIMS

## COUNT I
## BREACH OF WRITTEN AGREEMENT BETWEEN LAW OFFICE OF MARTIN
## AND LAW OFFICES OF HOLLORAN

24.     Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 23 of their Complaint incorporated by reference as if fully set forth herein.

25.     From 1987 to present, Law Offices of Holloran breached the Written Agreement, to wit:

a.      Law Offices of Holloran and its successor HS&S failed to maintain books of account pertaining to all expense and income relative to the cases which are subject to the Written Agreement; and

b.      Upon reasonable requests by Law Office of Martin, Law Offices of Holloran and its successor HS&S failed to provide any books of account for review; and

c.      Law Offices of Holloran and its successor HS&S failed to provide to Law Office of Martin a copy of any drafts or checks of settlement or judgment funds; and

d.      Law Offices of Holloran and its successor HS&S failed to keep Law Office of Martin generally advised of the significant pleading matters; and

e.      With the exception of one payment of $100,000.00, Law Offices of Holloran and its successor HS&S failed to disburse upon receipt of payment any sums due Law Office of Martin.

26.     At all times pertinent hereto, Law Office of Martin performed its obligations under the Written Agreement or, as a result of Defendants' breaches of contract set forth hereinabove in paragraph 26, is excused from further performance thereunder, and all conditions precedent to

8

bringing this claim have been satisfied.

27.     As a direct and proximate result of Defendants' breaches of the Written Agreement, Law Office of Martin has suffered significant damages in excess of Seventy-Five Thousand Dollars ($75,000) through loss of revenue and loss of use of money and will continue to suffer such losses in the future.

WHEREFORE, Plaintiff Law Office of Martin prays this Court enter its Judgment and Order in favor of Plaintiff and against Defendants Law Offices of Holloran and its successor HS&S for its damages in excess of Seventy-Five Thousand Dollars ($75,000.00) as set forth hereinabove, that Plaintiff recover reasonable attorneys' fees and costs herein, and for such other and further relief this Court deems just and proper.

## COUNT II
## BREACH OF ORAL AGREEMENT
### BETWEEN LAW OFFICE OF MARTIN AND
### LAW OFFICES OF HOLLORAN

28.     Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 27 of their Complaint incorporated by reference as if fully set forth herein.

29.     From 1987 to present, Law Offices of Holloran and its successor HS&S breached the Oral Agreement, to wit:

a.      Law Offices of Holloran and its successor HS&S failed to maintain books of account pertaining to all expense and income relative to the cases which are subject to the Oral Agreement; and

b.      Upon reasonable requests by Law Office of Martin, Law Offices of Holloran and its successor HS&S failed to provide any books of account for review; and

c.      Law Offices of Holloran and its successor HS&S failed to provide to Law

9

Office of Martin a copy of any drafts or checks of settlement or judgment funds; and

d.    Law Offices of Holloran and its successor HS&S failed to keep Law Office of Martin generally advised of the significant pleading matters; and

e.    With the exception of one payment of $100,000.00, Law Offices of Holloran and its successor HS&S failed to disburse upon receipt of payment any sums due Law Office of Martin.

30.    At all times pertinent hereto, Law Office of Martin performed its obligations under the Oral Agreement or, as a result of Defendants' breaches of contract set forth herein above in paragraph 30, is excused from further performance thereunder, and all conditions precedent to bringing this claim have been satisfied.

31.    As a direct and proximate result of Defendants' breaches of the Oral Agreement, Law Office of Martin has suffered significant damages in excess of Seventy-Five Thousand Dollars ($75,000) through loss of revenue and loss of use of money and will continue to suffer such losses in the future.

WHEREFORE, Plaintiff Law Office of Martin prays this Court enter its Judgment and Order in favor of Plaintiff and against Defendants Law Offices of Holloran and its successors HS&S for its damages in excess of Seventy-Five Thousand Dollars ($75,000.00) as set forth hereinabove, that Plaintiff recover reasonable attorneys' fees and costs herein, and for such other and further relief this Court deems just and proper.

## COUNT III
## CONTRACTUAL ACCOUNTING

32.    Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 31 of their Complaint incorporated by reference as if fully set forth herein.

10

33. Pursuant to the Written and Oral Agreements, Law Offices of Martin is entitled to an accounting by Law Offices of Martin.

34. Based on information and belief, Law Offices of Holloran and its successor HS&S filed and disposed of, through settlement or judgment, several lawsuits over an unknown number of years beginning in 1987.

35. The Law Office of Martin has not received copies of any checks or drafts of any settlement or judgment funds received by the Law Offices of Holloran and/or its successor HS&S.

36. With the exception of one payment of $100,000.00, Law Office of Martin has not received any disbursement of legal fees from Law Offices of Holloran and/or its successor HS&S.

37. The Law Office of Martin has made repeated requests and demands of the Law Offices of Holloran and its successor HS&S, to review the books of account; however, both Law Offices of Holloran and its successor HS&S have failed to comply.

38. In order for the Law Office of Martin to fully and adequately determine the amount of legal fees due it pursuant to the Written and Oral Agreements, certain information is needed, to wit:

 a. Case names, cause numbers, and the venue in which the cases were filed, of each and every asbestos case filed by the Law Offices of Holloran on behalf of those individuals who were identified by the screenings conducted and organized by the Law Office of Martin;

 b. The disposition, whether settled or tried, of each and every asbestos case at issue;

11

     c.     The exact date and amount of settlement and/or judgment of each and every asbestos case at issue.

39.    The Law Office of Martin believes that the documentation maintained by or within the control of the Law Offices of Holloran or its successor HS&S is complicated and that the discovery of such information can only be facilitated by a court-ordered accounting.

40.    Law Office of Martin has no adequate remedy at law to protect itself from the damage which has occurred and is in excess of Seventy-Five Thousand Dollars ($75,000) or from further damage absent a court-ordered accounting.

WHEREFORE, Plaintiff Law Office of Martin prays this Court enter its Judgment and Order in favor of Plaintiff and against Defendants Law Offices of Holloran and its successor HS&S for its damages in excess of Seventy-Five Thousand Dollars ($75,000.00) as set forth hereinabove, that Plaintiff recover reasonable attorneys' fees and costs herein, and for such other and further relief this Court deems just and proper.

## COUNT IV
## BREACH OF PARTNERSHIP AGREEMENT
## BETWEEN EDWIN C. MARTIN, JR., AND
## JAMES P. HOLLORAN

41.    Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 40 of their Complaint incorporated by reference as if fully set forth herein.

42.    From 1987 to present, the Partnership Agreement between Edwin C. Martin, Jr., and James P. Holloran was breached by Defendant, to wit:

     a.     James P. Holloran failed to maintain books of account pertaining to all expense and income relative to the cases which are subject to the Partnership Agreement; and

12

      b.    Upon reasonable requests by Edwin C. Martin, Jr., James P. Holloran failed to provide any books of account for review; and

      c.    James P. Holloran failed to provide to Edwin C. Martin, Jr., a copy of any drafts or checks of settlement or judgment funds; and

      d.    James P. Holloran failed to keep Edwin C. Martin, Jr., generally advised of the significant pleading matters; and

      e.    With the exception of one payment of $100,000.00, James P. Holloran failed to disburse upon receipt of payment any sums due Edwin C. Martin, Jr.

43.   At all times pertinent hereto, Edwin C. Martin, Jr., performed his obligations under the Partnership Agreement or, as a result of Defendant's breaches set forth herein above in paragraph 43 is excused from further performance thereunder, and/or all conditions precedent to bringing this claim have been satisfied.

44.   As a direct and proximate result of Defendant's breaches of the Partnership Agreement, Edwin C. Martin, Jr., has suffered significant damages in excess of Seventy-Five Thousand Dollars ($75,000) through loss of revenue and loss of use of money and will continue to suffer such losses in the future.

      WHEREFORE, Plaintiff Edwin C. Martin, Jr., prays this Court enter its Judgment and Order in favor of Plaintiff and against Defendant James P. Holloran for his damages in excess of Seventy-Five Thousand Dollars ($75,000.00) as set forth hereinabove, that Plaintiff recover reasonable attorneys' fees and costs herein, and for such other and further relief this Court deems just and proper.

13

## COUNT V
## PARTNERSHIP ACCOUNTING

45. Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 44 of their Complaint incorporated by reference as if fully set forth herein.

46. Pursuant to the Partnership Agreement, Edwin C. Martin, Jr., is entitled to an accounting from James P. Holloran, as an individual or in his capacity as a partner or member of the Law Offices of Holloran and/or its successor HS&S.

47. Based on information and belief, James P. Holloran, as an individual or in his capacity as partner or member of Law Offices of Holloran and/or its successor HS&S, filed and disposed of, through settlement or judgment, several lawsuits over an unknown period of years beginning in 1987.

48. Edwin C. Martin, Jr., has not received copies of any checks or drafts of any settlement or judgment funds received by James P. Holloran, as an individual or in his capacity as a partner or member of the Law Offices of Holloran and/or its successor HS&S.

49. With the exception of one payment of $100,000.00, Edwin C. Martin, Jr., has not received any disbursement of legal fees from James P. Holloran, as an individual or in his capacity as a partner or member of the Law Offices of Holloran and/or its successor HS&S.

50. Edwin C. Martin, Jr., has made repeated requests and demands of James P. Holloran, Law Offices of Holloran and/or its successor HS&S to review the books of account; however, all Defendant have failed to comply.

51. In order for Edwin C. Martin, Jr., to fully and adequately determine the amount of legal fees due him pursuant to the Partnership Agreement, certain information is needed, to wit:

     a.    Case names, cause numbers, and the venue in which the cases were filed,

14

of each and every asbestos case filed by any Defendants on behalf of those individuals who were identified by the screenings conducted and organized by Edwin C. Martin, Jr.

b. The disposition, whether settled or tried, of each and every asbestos case at issue; and

c. The exact date and amount of settlement and/or judgment of each and every asbestos case at issue.

52. Edwin C. Martin, Jr., believes that the documentation maintained by or within the control of any and/or all of the Defendants is complicated and that the discovery of such information can only be facilitated by a court-ordered accounting.

53. Edwin C. Martin, Jr., has no adequate remedy at law to protect itself from the damage which has occurred and is in excess of Seventy-Five Thousand Dollars ($75,000) or from further damage absent a court-ordered accounting.

WHEREFORE, Edwin C. Martin prays this Court enter its Judgment and Order declaring Defendant James P.Holloran to account to him as set forth herein, Plaintiff recover reasonable attorneys' fees and costs herein, and for such other further relief this Court deems just and proper.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

54. Plaintiffs restate and reallege the facts and allegations contained in Paragraphs 1 through 53 of their Complaint incorporated by reference as if fully set forth herein.

55. As a result of the partnership between Edwin C. Martin, Jr., and James P. Holloran, the parties created and continue to maintain a fiduciary duty as to the partnership and as to each other.

15

56.    As a result of the conduct and acts of James P. Holloran, as herein alleged, Defendant breached his fiduciary duties owed to the partnership and Plaintiff, to wit:

a.    Defendant failed and neglected to perform his official duties; and

b.    Defendant failed to administer the affairs of the partnership in an honest, careful and prudent manner; and

c.    Defendant fraudulently, deliberately, wrongfully and negligently diverted funds of the partnership to his own use and to the exclusion of Edwin C. Martin, Jr.

57.    As a direct and proximate result of the actions of James P. Holloran, as aforesaid, Edwin C. Martin, Jr., has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

58.    Further, the conduct James P. Holloran as aforesaid was willful, wanton, malicious and in conscious disregard of the rights of Edwin C. Martin, Jr., thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff Edwin C. Martin, Jr., prays this Court enter its Judgment and Order in favor of Plaintiff and against Defendant James P. Holloran for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) as set forth hereinabove, that Plaintiff be awarded reasonable attorneys' fees and costs herein, fees and costs for punitive damages, and for such other and further relief that this Court deems just and proper.

TOMAZENSEN, LLC

By: _____

JOHN E. TOMA, JR., #4558
MELISSA M. ZENSEN, #499464
Attorneys for Plaintiffs
408 North Euclid Avenue, Third Floor
St. Louis, MO 63108
Phone:(314) 361-1600
Fax:(314) 361-1612

16