UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDWIN C. MARTIN, JR., | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1857 AGF |
| | ) |
| JAMES P. HOLLORAN, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court[1] on several motions filed by the parties. Plaintiff Edwin C. Marin, Jr., filed this complaint against Defendants James P. Holloran, P.C., Holloran Stewart & Schwartz, as successor in interest to James P. Holloran P.C., and James P. Holloran, individually, following Plaintiff's dismissal of a similar complaint in state court. Simultaneous with the filing of their answers, Defendants filed motions for summary judgment. [Doc. #11 & Doc. #14]. Plaintiff requested time for discovery, under Rule 56(f), prior to responding to Defendants' motions. The Court granted Plaintiff's motion, in part, permitting limiting discovery, and inviting Plaintiff to advise the Court, more specifically, what if any additional discovery was necessary in connection with any responses he filed to the motions for summary judgment.

Plaintiff has now responded to Defendants' motions for summary judgment, and filed a new motion [Doc. #30], again requesting additional time for discovery and

---

[1] The parties consented to jurisdiction by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

outlining more specifically what discovery he seeks, which request Defendants continue to oppose. Plaintiff has also requested [Doc. #29] leave to file an amended complaint to assert claims for quantum meruit and misrepresentation, which motion Defendants oppose.

Having reviewed all of the motions and memoranda filed by the parties, and carefully considered the arguments therein,

**IT IS HEREBY ORDERED** that Plaintiff's motion [Doc. #29] for leave to file a first amended complaint is **GRANTED**. While the Court understands Defendants' objections to Plaintiff's motion, the Court believes that denying Plaintiff leave to file the proposed amended complaint based upon the current record would be unjust. The Court is not prepared to conclude, at this point, that as a matter of law the proposed amendment to add claims of quantum meruit and misrepresentation would be futile. And while Defendants oppose this motion, based in part on the passage of time and prejudice to Defendants, the Court notes that on Defendants' own request, little discovery has taken place.

**IT IS FURTHER ORDERED** that Plaintiff's motion under Rule 56(f) [Doc. #30] for an extension of time to conduct discovery is **GRANTED in part and DENIED in part**. Plaintiff shall be permitted to conduct discovery limited solely to the issue of liability and not damages.

**IT IS FURTHER ORDERED** that Defendants' two pending motions [Doc. #11 & Doc. #14] for summary judgment are **DENIED without prejudice** in light of the filing of the amended complaint and this Court's Order permitting additional discovery.

Defendants may incorporate these motions, or parts thereof, in any new motions for summary judgment they may hereafter file addressing the amended complaint.

**IT IS FURTHER ORDERED** that Defendants' motion [Doc. #35] to strike Plaintiff's response to Defendants' statement of uncontroverted facts is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **October 20, 2006**, counsel for the parties shall confer with one another and attempt to agree on a schedule for conducting discovery related to liability and for the filing of any case dispositive motions. The parties shall also attempt to agree on the scope of the discovery that shall be deemed relevant to the liability issues.

**IT IS FURTHER ORDERED** that a Scheduling Conference pursuant to Rule 16, Fed. R. Civ. P., is set for **Friday, October 27, 2006**, at **2:00 p.m.** A separate order shall be issued setting forth the guidelines for this conference, however, the parties shall be prepared to address any specific issues pertaining to the scope of discovery at this Conference.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2006.