UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWIN C. MARTIN, JR., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:05CV1857 AGF ) |
| JAMES P. HOLLORAN, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case is before the Court on Defendants' motion for certification of an interlocutory appeal to the Eighth Circuit Court of Appeals under 28 U.S.C. § 1292(b). Defendants would like to appeal this Court's Order of March 24, 2009, in which the Court concluded that Plaintiffs' claim of breach of a written contract would not be barred by the statute of limitations if Plaintiffs were able to convince the factfinder in this case that a written contract in fact existed at one point. Plaintiffs oppose the motion for certification.

Section 1292(b) allows a district court to certify an order not otherwise appealable for immediate appeal if it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even if the statutory criteria are satisfied, courts possess discretion on whether to certify an interlocutory order for immediate appeal.

Union County, Iowa v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008).  The Eighth Circuit has explained that "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.  Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Id. (citation omitted).  The Eighth Circuit further explained that § 1292 was not intended merely to provide review of difficult rulings in hard cases.  Id. (citation omitted).

Here, although the Court believes that the statute-of-limitations question at issue presented a difficult question, the Court does not believe that the matter warrants an interlocutory appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to certify the order for immediate appeal is **DENIED**.  [Doc. #107]

**IT IF FURTHER ORDERED** that Plaintiffs' renewed motion for a Rule 16 Conference [Doc. #106] is **GRANTED.**  The Court shall set a scheduling conference by separate Order.

Dated this 30th day of April, 2009.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

2