UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN C. MARTIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1857 AGF |
| | ) | |
| JAMES P. HOLLORAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Following a hearing on the record on April 8, 2010, on several pretrial motions related to discovery,

**IT IS HEREBY ORDERED** that Plaintiff's motion for modification of the Case Management Order and for leave to complete discovery is **GRANTED in part**. Plaintiff shall have through April 30, 2010, to complete discovery related to damages, but not related to other matters, including the existence of any written contract. Any supplement to Plaintiff's expert's report on damages shall be provided to Defendants on or before May 7, 2010. [Doc. #136]

**IT IS FURTHER ORDERED** that Defendants' motion to quash the deposition subpoenas for two depositions on April 14, 2010, is **GRANTED in part** and **DENIED in part**. Plaintiff may go forward with telephone depositions for the limited purpose of obtaining documents and laying a foundation for their admission. Defendants shall cooperate with Plaintiff in setting a date and time for the depositions. [Doc. #138]

**IT IS FURTHER ORDERED** that the motion filed by Defendants to quash the deposition subpoena directed to Andrew O'Brien, and the motion filed by non-parties Bartholomew Baumstark and the O'Brien Law Firm to quash the deposition subpoena directed to Andrew O'Brien are **GRANTED in part** and **DENIED in part**. Plaintiff may proceed with the deposition of Mr. O'Brien, at an agreed-upon date, with respect to claims filed on behalf of individuals who went through the screenings and were arguably covered by the fee agreements at issue in this case, including any claims filed in bankruptcy based in whole or in part on any claims filed by the defendant law firm. The motions are granted, however, with respect to any claims filed on behalf of any such individuals after January 1, 2000. [Doc. #139 and Doc. #142]

**IT IS FURTHER ORDERED** that the motion filed by non-party Homer Farrar for a protective order is **GRANTED in part** and **DENIED in part**. The motion is granted with respect to information about payments related to claims filed after January 1, 2000, but denied with respect to information about payments related in whole or in part to relevant claims filed before that date. [Doc. #144]

**IT IS FURTHER ORDERED** that the motion filed by several non-parties to quash the subpoena for production of documents directed to the custodian of records for Combustion Engineering 524(g) Asbestos PI Trust is **GRANTED in part** and **DENIED in part.** Unless counsel for Plaintiff and the Movants agree to a different procedure, the custodian shall be directed to provide the documents to the Court for its in camera

inspection, at which time Movants may argue to the Court what portions should be excluded, consistent with the dictates of this Order. [Doc. #146]

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 9th day of April, 2010.