UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDWIN C. MARTIN, JR., et al., | ) |
|---|---|
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:05CV01857 AGF |
| | ) |
| JAMES P. HOLLORAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint, which adds two party Defendants and several claims. A hearing on the motion was held on the record on July 9, 2010. For the reasons set forth below, the motion shall be denied.

This is a breach of contract action in which Plaintiffs (a law firm and its principal) seek damages as a result of the alleged failure of Defendants (another law firm and its principal, hereinafter referred to as the "Holloran Defendants") to pay Plaintiffs a portion certain legal fees collected by Defendants in asbestos-related cases from the 1980s and 1990s. The action was not filed by Plaintiffs until October 11, 2005.[1]

Pretrial proceedings were bifurcated, and after discovery and motions were

---

[1] The action was initially filed in Missouri state court on December 3, 2004, and then voluntarily dismissed by Plaintiffs.

complete at the liability phase, an Amended Case Management Order was entered on June 4, 2009, which set July 26, 2010, as the trial date in this case, and gave the parties to July 1, 2009, to file motions to join additional parties or to amend the pleadings. Initial disclosures on the damages phase were also to be made by July 1, 2009, and all discovery to be completed by February 5, 2010. At Plaintiffs' request, the discovery deadline with respect to damages was subsequently extended to April 30, 2010, and then further extended with regard to a specific aspect of damages, and the trial date was recently continued to September 13, 2010. Extensive motions for summary judgment have been filed by Defendants, and are scheduled for argument. The present motion was filed by Plaintiffs on June 10, 2010.

In the Second Amended Complaint, Plaintiffs propose to add Andrew O'Brien and/or the O'Brien Law Firm ("O'Brien") as defendants, and to assert claims against O'Brien for tortious interference, conversion, and civil conspiracy. It also adds claims against the Holloran Defendants for fraudulent concealment and civil conspiracy. The basis for the proposed amendments is Plaintiffs assertion that they only recently learned that O'Brien removed relevant asbestos cases from the Holloran Defendants' office in approximately September 2000, when O'Brien left the Holloran Defendants and started a separate law practice. Plaintiffs further assert that this was done with the Holloran Defendants' consent and intentional concealment.

Plaintiffs argue that O'Brien is a necessary party to this action and therefore

joinder of O'Brien is mandatory under Federal Rule of Civil Procedure 19(a), or alternatively, that O'Brien should be joined as a permissive party under Rule 20, as the new claims against the Holloran Defendants and O'Brien arise out of the same operative facts as the original claims. Plaintiffs maintain that they should be allowed to proceed with all the related claims in a single action, rather than be required to file a separate lawsuit for the fraud claims.

The Holloran Defendants argue that Plaintiffs should not be permitted to amend the complaint at this stage in the proceedings because (1) such amendment would prejudice Defendants by delaying the trial date for which they have been preparing and by further hampering their ability to establish a proper defense to claims based on events from so many years ago, (2) Plaintiffs did not act diligently, and (3) the amendments are not sought in good faith, but rather to delay the trial.

When a plaintiff "seeks leave to amend its complaint after the deadline in the applicable case management order has passed, Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the [more liberal] standard of Rule 15(a)." Travelers Indem. Co. of Am. v. Holtzman Props., L.C.C., 4:08-CV-351 CAS, 2009 WL 485056, at *1 (E.D. Mo. Feb. 26, 2009). While Rule 15(a) liberally permits amended pleadings "when justice so requires," Rule 16 states that scheduling orders "shall not be modified except upon a showing of good cause." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins,

3

464 F.3d 813, 822 (8th Cir. 2006) (dealing with an earlier, comparable version of Rule 16). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) (same).

The present case, which was not brought for many years after the events giving rise to the dispute between Plaintiffs and the Holloran Defendants, is now almost five years old. Plaintiffs acknowledged at the hearing on this date their belief that the Holloran Defendants are responsible for all of Plaintiffs' alleged contract damages. Thus, O'Brien is not a necessary party to Plaintiffs' contract claim. Allowing Plaintiffs to now amend their complaint to add new parties and fraud claims would dramatically expand the focus and scope of the current action, and would require a significant delay of the trial setting, which has already been delayed, in part to permit Plaintiffs to obtain further discovery. Amendment at this late stage would also be unfair to the Holloran Defendants, who have prepared this case for trial and filed extensive potentially case-dispositive motions. Upon consideration of the parties' arguments, the relevant factors, and the history of this case, the Court must conclude that Plaintiffs' motion, filed on the eve of trial, should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Second

Amended Complaint is **DENIED**. [Doc. #182.]

                                                    /s *Audrey G. Fleissig*
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2010.