UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWIN C. MARTIN, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1857 AGF |
| ) | |
| JAMES P. HOLLORAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Certification of an Interlocutory Appeal. Plaintiffs seek to certify for immediate appeal this Court's decision that the statute of limitations for Plaintiffs' claims began to run at the latest upon receipt by Plaintiffs of a letter dated January 21, 1999.

Under 28 U.S.C. § 1292(b), a district court may certify an order not otherwise appealable, for immediate appeal, if the court finds "that such Order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of litigation." It has "long been the policy of the courts to discourage piece-meal appeals." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Thus, motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination" and only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." Id.

A "question of law" in this context refers to matters of pure law, such as determining the meaning of a statute or regulation or deciding the appropriate legal standard to apply. S.B.L. v. Evans, 80 F.3d 307, 311 (8th Cir. 1996). The party seeking interlocutory appeal "bears the heavy burden" of demonstrating that immediate appeal is warranted. Union County, Iowa v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008). The Court concludes that here Defendants have not met this burden. The issue involved here does not involve a dispute about the applicable legal standards; instead it is a prosaic dispute about whether the Plaintiffs have submitted evidence sufficient to permit a jury to find in their favor under the applicable legal standards. This is not the kind of question appropriate for § 1292(b) certification. See Bennett v. Int'l Paper Co., No. 05-CV-0038 (PJS/RLE), 2009 WL 1955216, at *2 (D. Minn. July 6, 2009).[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Certification of an Interlocutory Appeal is **DENIED**.  [Doc. #227]

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2010.

---

[1] The Court notes that for similar reasons it denied Defendants' earlier motion for certification of an interlocutory appeal of the Court's decision that if Plaintiffs were able to convince the factfinder that a written contract between the parties existed at one point, Defendants' affirmative defense based on the five-year statute of limitations would be unavailing. (Doc. #110).